John T. Bender, WSBA No. 49658
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600 Phone
(206) 625-0900 Fax
jbender@corrcronin.com

*Attorneys for Defendant Bitcoin Depot*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| DDD, Inc. a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LUX VENDING, LLC d/b/a BITCOIN DEPOT, a foreign limited liability corporation,<br><br>Defendant. | No. 2:23-cv-00035<br><br>**NOTICE OF REMOVAL** |

TO:   Clerk of the Court;

AND TO:   Plaintiff above named, and counsel of record.

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Lux Vending, LLC d/b/a Bitcoin Depot ("Bitcoin Depot"), by and through their counsel of record, hereby give notice of removal of the above-titled action to the United States District for the

DEFENDANT'S NOTICE OF REMOVAL – 1

Eastern District of Washington at Spokane. As grounds for removal, Bitcoin Depot states as follows:

1. On January 17, 2023 Plaintiff DDD, Inc., filed the Complaint in the Superior Court of Washington for Spokane County, entitled *DDD, Inc. v. Lux Vending, LLC d/b/a Bitcoin Depot*, No. 23-2-00176-32. On January 19, 2023, Plaintiffs served the Complaint through Bitcoin Depot's registered agent. Attached as **Exhibit A** is a true and correct copy of the Complaint served on Defendant on January 19, 2023.

2. This Notice of Removal is timely filed within thirty days of service or receipt of a copy of the initial pleading pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff's Complaint avers that disagreements exist concerning the Plaintiff's attempt terminate the parties contract. Plaintiff advances claims for declaratory relief and fraud.

4. Plaintiff is a Washington corporation and its principal place of business is Spokane County. Compl. ¶ 1.

5. At the time this action was commenced, Bitcoin Depot was and remains a foreign limited liability company, organized under the laws of Georgia.

DEFENDANT'S NOTICE OF REMOVAL – 2

*Id.* ¶ 2. Bitcoin Depot is wholly owned by BT Assets, Inc., a Delaware corporation. Therefore, there is complete diversity under 28 U.S.C. § 1332(a)(1).

6. More than $75,000, exclusive of interest and costs, is in controversy in this action. Here, the dispute involves Plaintiff's early termination of agreements with seven-year terms for the exclusive supply and placement of Bitcoin Kiosks at two of Plaintiff's former locations: 4615 N Division St in Spokane, Washington ("Division Street Location) and 3812 Highland Road in Mead, Washington ("Highland Road Location"). *Id.* ¶¶ 8, 11. Plaintiff disconnected the ATMs in October 2022 in connection with a sale of its business. Declaration of Scott Buchanan, COO of Bitcoin Depot ("Buchanan Decl."), ¶ 3.

7. Plaintiff's Complaint asserts causes of action for fraud and declaratory relief. Compl. ¶¶ 21-33. Plaintiff claims it has sustained "significant damage" by Bitcoin Depot asserting its contractual rights, *id.* ¶ 28, and seeks an award of compensatory damages, punitive damages, pre- and post-judgment interest and attorney's fees under the parties' agreement. *Id.* at § V (Prayer for Relief). Additionally, Plaintiff admits on the face of its complaint that Bitcoin Depot "has asserted a demand for all of the profits it alleges it would have earned if the Agreement was in force for the entire term of the Agreement." *Id.* ¶ 26.

DEFENDANT'S NOTICE OF REMOVAL – 3

Accordingly, Plaintiff seeks a declaration that the parties' agreements are "invalid and unenforceable[.]" *id*. ¶ 32. In other words, as outlined in further detail below, the relief Plaintiff seeks threatens to eliminate Bitcoin Depot's interest in both liquidate damages and revenues that easily satisfy the amount-in-controversy element. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.3 (Rev. 4th ed.) (explaining, "[a]s a general rule, if the plaintiff seeks injunctive or declaratory relief, the plaintiff cannot defeat removal . . . when the defendant informs the district court that the value of the interest to be protected by the relief sought exceeds the amount-in-controversy requirement.").

7. Plaintiff executed a Kiosk Location agreement for the Division Street Location on May 18, 2021, which incorporates the Location Master Agreement attached as Exhibit B to the Buchanan Declaration. Plaintiff also executed a Kiosk Location agreement for the Highland Road Location, which also incorporated the Location Master Agreement. The Location Master Agreement contains a liquidated

DEFENDANT'S NOTICE OF REMOVAL – 4

damages provision that requires payment of a Disconnection Fee of $100.00 per day in the event Bitcoin Depot's property is disconnected or interfered with by Plaintiff until operation is restored. Buchanan Decl. ¶ 5, Ex. B § 9. The Location Master Agreement also affords Bitcoin Depot the right to declare all accrued Disconnection Fees immediately payable and due. Buchanan Decl. ¶ 5, Ex. B § 15. There are over 2,000 days remaining under the term of the agreements for the Highland Road Location and the Division Street Location.[1] Therefore, Bitcoin Depot's economic interest in the enforcement of its Location Master Agreement is significant: pursuant to the liquidated damages clause in the Location Master Agreement, Bitcoin Depot is entitled to approximately $200,000 in liquidated damages for each location, exceeding the jurisdictional minimum.

8.   Defendant's lost profits attributable to Plaintiff's early termination of the parties' agreements likewise satisfy the amount in controversy element. The

---

[1] The expiration date of the Division Street Location's agreement is on or about August 2, 2028. Buchanan Decl. ¶ 7. The expiration date of the Highland Road Location's agreement is on or about December 20, 2028. *Id.* ¶ 8. *See also* Ex. B § 14 ("Term").

DEFENDANT'S NOTICE OF REMOVAL – 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Division Street Location generated monthly average sales of $14,335, resulting in an average monthly net income to Bitcoin Depot of $2,006. Buchanan Decl. ¶ 7. The expiration date of the Division Street Location's agreement is August 2, 2028. *Id*. Calculated over the term remaining under the Division Street Location's agreement, the resulting lost profits incurred by Bitcoin Depot is approximately $134,864 exclusive of prejudgment interest and attorney's fees. *Id*.

9. The Highland Road Location generated monthly average sales of $13,377, resulting in an average monthly net income to Bitcoin Depot of $1,847. Buchanan Decl. ¶ 8. The expiration date of the Highland Road Location's agreement is December 20, 2028. *Id*. Calculated based on the term remaining under the Highland Road Location's agreement, the resulting lost profits incurred by Bitcoin Depot is approximately $133,567 exclusive of prejudgment interest and attorney's fees. *Id*. Thus, the lost profits Bitcoin Depot's incurred due to Plaintiff's early termination and breach of the parties' agreement exceeds the jurisdictional minimum of $75,000.

10. Here, Plaintiff seeks declaratory relief "finding that the Agreements are invalid and unenforceable[.]" Compl. ¶¶ 32. The object of such relief is to eliminate Bitcoin Depot's interest in its contractual right to liquidated damages and/or lost

DEFENDANT'S NOTICE OF REMOVAL – 6

profits under the parties' agreements. As the value of both interests exceeds the jurisdictional requirement, the amount in controversy element is satisfied.[2] *Nether v. Bank of America*, N.A. 2014 WL 12634304, *8 (E.D. Wash. May 2, 2014) (holding that amount in controversy for purposes of removal of action to quiet title was established by the value of the remaining balance on plaintiff's loan); *Barrus v. Reconstruct Co*., N.A., 2011 WL 2360206, *3 (W.D. Wash. June 9, 2011) (amount in controversy element satisfied in action to "cancel" deed of trust based on

---

[2] In addition, the Location Master Agreement contains a mandatory arbitration provision and provides for an exclusive forum in Atlanta, Georgia. Buchanan Decl. Ex. B § 22. Pursuant to this provision, Bitcoin Depot has initiated arbitration against Plaintiff with the American Arbitration Association in Georgia for breach of contract, in which it has asserted damages of $437,200—well in excess of the amount-in-controversy element. Buchanan Decl. Ex. D. Bitcoin Depot has also initiated an action to compel arbitration in the U.S. District Court for the Northern District of Georgia in which is affirms that that "the amount in controversy exceeds $75,000, exclusive of interest and costs." Buchanan Decl., Ex. E. Finally, Bitcoin Depot's counsel notified Plaintiff that the amount-in-controversy exceeded $75,000 in a February 1, 2023 correspondence. Buchanan Decl. Ex. F.

DEFENDANT'S NOTICE OF REMOVAL – 7

underlying loan amount); *see also Henderson v. Nationstar Mortg. Co.*, LLC, 2008 WL 302374, *1 (W.D. Wash. January 31, 2008) (holding that amount in controversy requirement for removal was satisfied because "[o]ne of the main purposes" of the lawsuit was to prevent the defendant from going forward with a foreclosure sale to satisfy the amount remaining on the underlying the loan contract); *Michels v. Geico Ins. Agency, Inc.*, 2012 WL 5866448, *2 (W.D. Wash. November 19, 2012) (insurer satisfied amount in controversy element based on effect of injunctive relief); *Prasad v. Wells Fargo Bank*, N.A., 2011 WL 4074300, *4 (W.D. Wash. September 13, 2011) (amount in controversy satisfied in action challenging foreclosure by value of underlying property).

7. Accordingly, this action is subject to removal to this Court pursuant to 28 U.S.C §§ 1441(b) and 1332 based on diversity jurisdiction.

8. Venue is appropriate in the Eastern District of Washington at Spokane, because the Superior Court of the State of Washington for Spokane County is located within this district and division. 28 U.S.C. § 1441(a).

9. A copy of this Notice of Removal is being served this date on counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

DEFENDANT'S NOTICE OF REMOVAL – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

10. A copy of this Notice of Removal is also being filed this date with the Clerk of Superior Court of the State of Washington for Spokane County, and notice of removal provided therewith pursuant to 28 U.S.C. § 1446(d).

11. By this Notice of Removal, Bitcoin Depot does not waive and hereby expressly reserves and defenses it may have, including but not limited to any defenses that may be asserted pursuant to Rule 12 of the Federal Rules of Procedure.

WHEREFORE, Bitcoin Depot prays that the above-titled action, now pending in the Superior Court of the State of Washington for Spokane County, be removed to the United States District Court for the Eastern District of Washington at Spokane, and that said action stand so removed.

Dated: February 3, 2023

CORR CRONIN LLP

*s/ John T. Bender*
John T. Bender, WSBA No. 49658
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600 Phone
(206) 625-0900 Fax
jbender@corrcronin.com

*Attorneys for Defendant*

DEFENDANT'S NOTICE OF REMOVAL – 9

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

1. I am employed at Corr Cronin LLP, attorneys of record for Defendant Bitcoin Depot.

2. I hereby certify that on February 3, 2023, I caused a true and correct copy of the foregoing document to be filed with the court with ECF notifications to the following:

| | |
|---|---|
| Michael R. Merritt, WSBA No. 60094<br>HAWLEY TROXELL ENNIS &<br>HAWLEY LLP<br>422 W. Riverside Avenue, Suite 1100<br>Spokane, WA  99201<br>mmerritt@hawleytroxell.com<br>*Attorneys for Plaintiff* | ☐ Legal Messenger<br>☒ E-Mail<br>☒ ECF/E-Service<br>☐ 1st Class Mail<br>☐ Overnight Mail |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  February 3, 2023

*s/ Donna Patterson*
Donna Patterson

DEFENDANT'S NOTICE OF REMOVAL – 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900